Filed 1/21/14  In re D.F. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.F., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E058277 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1200427) |
| v. | OPINION |
| K.F., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Appeal dismissed.

Michelle L. Jarvis, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela J. Walls, County Counsel, and Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

K.F. (mother) appeals from an order of the juvenile court authorizing the administration of a psychotropic drug to her daughter, D.F.  Mother contends she was denied due process because D.F. was given the drug months before mother was given proper notice and before the juvenile court approved it. We conclude the appeal is moot because the order has expired by its own terms.

# II.  FACTS AND PROCEDURAL BACKGROUND

D.F. was detained in foster care in June 2012. At the jurisdiction hearing, the juvenile court found true the allegation under Welfare and Institutions Code[1] section 300, subdivision (b) that the child had suffered or was at risk of suffering serious physical harm or illness as a result of mother's failure or inability to supervise or protect her adequately, mother's failure to protect her from the conduct of a custodian, and because of the mother's inability to provide regular care for the child because of the mother's mental illness, developmental disability or substance abuse. The supporting facts were alleged to be that "[t]he child has disclosed that the mother continues to call the child derogatory names"; mother "fails to protect the child from the mother's boyfriend in that he calls the child derogatory names and she fails to intervene on the child's behalf; such conditions place the child at risk from suffering serious emotional harm"; and "[t]he mother suffers from emotional distress due to a parent-child conflict; such conditions place the child at risk of serious harm."

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

D.F. was referred for counseling, and the Riverside County Department of Public Social Services (Department) requested that she receive a psychological evaluation. The Department's case plan service objectives for D.F. included the following: "3. Psychotropic Med [¶] Eval/Monitoring [¶] Description [¶] The family member shall follow with the recommendations and prescription medications prescribed by the psychiatrist." The juvenile court approved the case plan as written.

The Department filed a six-month review report on January 18, 2013. Dr. Suiter had conducted a psychological evaluation of D.F. in September and October 2012. He reported that she experienced heightened depression, anxiety, and posttraumatic patterns consistent with her descriptions of severe physical and sexual abuse when she was with mother. D.F. was extremely fearful of returning to mother, and she was often suicidal and thought of running away. Dr. Suiter suggested evaluating her to determine if she would benefit from psychotropic medications.

On November 29, 2012, D.F. visited Dr. Nayar because she felt anxious all the time and had trouble sleeping. Dr. Nayar prescribed Zoloft. The social worker's log for that day stated that the foster mother had left a message that D.F. "saw Dr. today and they need a copy of Dr. Suiter's Psychological Evaluation, the Court Case # as the office needs to submit a request to the Court so that [D.F.] can start the medication that was prescribed to her: ZOLOFT. Fax over all this information to Dr.'s office."

The social worker's log for December 4, 2012, stated: "I called Med. Eval. Program and I spoke to Daisy. She reports that Dr. needs the following: 1) Dr. Suiter's

3

psychological evaluation on [D.F.]. 2) The last Court's minute order. 3) The medications that were prescribed for [D.F.] was [*sic*] ZOLOFT (12.5 mg)."

On December 10, 2012, D.F. told the social worker the Zoloft had helped decrease her anxiety but was causing nausea and an upset stomach. D.F. continued to attend counseling, and the therapist diagnosed her with posttraumatic stress disorder (PTSD) and probable physical and sexual abuse.

Mother filed a declaration on January 22, 2013, stating that D.F. was taking Zoloft for depression, but D.F. had no history of depression, and mother did not believe Zoloft was an appropriate drug for depression in a 12-year-old child. Mother attached a copy of relevant pages from the PDR Pocket Guide to Prescription Drugs.

The juvenile court held a six-month review hearing on January 31, 2013. The court continued services for mother and read and considered mother's declaration, but mother's counsel did not raise the medication issue at the hearing, and the juvenile court did not address the issue.

The social worker's log note dated January 31, 2013, stated that D.F. reported she no longer had the stomach uneasiness she had first experienced when taking Zoloft, but she felt the medication was no longer helping her.

On February 11, 2013, Dr. Nayar submitted an application regarding psychotropic medication to the juvenile court. The application stated that D.F. had ongoing symptoms of PTSD and depressed mood, which interfered with her school performance and social functioning. Mother was given notice of the application by mail.

4

Mother filed an opposition to the application on February 20, 2013. She pointed out, among other things, that Dr. Nayar had evaluated D.F. on November 29, 2012, but the form was not filed until February 11, 2013.

The juvenile court signed an order granting the application on February 27, 2013. The court stated it had considered mother's opposition, and it ordered that the duration of the treatment not exceed six months.

### III. DISCUSSION

Only the juvenile court has authority to make an order regarding the administration of psychotropic medication to a child who has been adjudged a dependent of the court under section 300 and who has been removed from the physical custody of parents under section 361. (§ 369.5, subd. (a).) Such authorization "shall be based on a request from a physician, indicating the reasons for the request, a description of the child's diagnosis and behavior, the expected results of the medication, and a description of any side effects of the medication." (§ 369.5, subd. (a).) However, such medications may be administered without court authorization in defined emergency situations. (Cal. Rules of Court, rule 5.640(g)(1).) In such an emergency situation, "Court authorization must be sought as soon as practical but in no case more than two court days after the emergency administration of the psychotropic medication." (Cal. Rules of Court, rule 5.640(g)(2).) It is undisputed that Zoloft is a psychotropic medication within the statutory definitions.

The Department concedes that juvenile court authorization was sought much longer than two days after administration of the medication, and that a due process

5

violation occurred when mother did not receive timely notice. Here, however, the juvenile court ordered on February 27, 2013, that the duration of D.F.'s treatment not exceed six months. The treatment began on November 29, 2012; thus, the treatment order has long expired by its own terms. This appeal is therefore moot because the court cannot grant defendant any effectual relief. Mother nonetheless requests that the matter be remanded with instructions to the juvenile court to ensure that mother is provided with sufficient notice and an opportunity to be heard before any psychotropic medication is administered to D.F. and before the court acts on an application for the administration of any psychotropic medication. In our view, such an order is unnecessary; the record provides no basis for a conclusion that the delays in the present case were deliberate or systematic. We will therefore order the appeal dismissed.

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
                                                                    J.

We concur:


RAMIREZ
            P.J.

CODRINGTON
                J.

6